UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-CR-0134-CVE |
| | ) | |
| JEFFREY ALLEN STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss Indictment (Dkt. # 28). On November 11, 2016, a grand jury returned an indictment charging defendant with ten counts of interstate communications with intent to injure in violation of 18 U.S.C. § 875(c). Dkt. # 16. Defendant now asks the Court to dismiss the indictment against him, alleging that as applied § 875(c) violates his First Amendment right to free speech. Dkt. # 28, at 1. The plaintiff responds that defendant's speech is not protected by the First Amendment because the communications are integral to criminal conduct and are true threats. Dkt. # 31, at 10.

The indictment charges defendant with sending ten threatening communications through the Tulsa Police Department's (TPD) Internal Affairs Investigations Division website in response to TPD Officer Betty Shelby shooting and killing Terrance Crutcher, a black man, in Tulsa, Oklahoma on September 16, 2016. Dkt. # 16, at 1. A summary of the communications are included in the indictment, and the full contents of the messages are attached to defendant's motion and quoted in their entirety in plaintiff's response. Dkt. # 16, at 2-3; Dkt. # 28-1; Dkt. # 31, at 2-6. The communications are directed at Officer Shelby, the prosecutor and judge in the Shelby case, the

chief of TPD, and all TPD officers. The messages threaten violence and death if TPD does not

reform. For example:

> The psychotic pile of shit who MURDERED the unarmed civilian who broke down is going to be executed, as are ALL psychotic shitbags you and other PDs hire across this Nation who murder unarmed civilians. They are all going to be killed.

Dkt. # 28-1, at 1.

> [U]nless the Prosecuter [sic] & the Judge deny bail, they too will be executed. . . . Do the right thing or die. There are no other choices.

Id.

> The Tulsa PD Chief is going to be killed. . . . He must be, and IS GOING TO BE killed.

Id. The communications also contain threats against the family members of TPD officers, judges,

and prosecutors. For example:

> Now is the time that EVERYONE on that list is going to start being killed. Cops, Prosecutors, Judges, family members. Citizens are going to end it, along with your lives.

Id. at 2.

> If killing every last one of you and your families.......your wives....your children is what it takes to drive that point home, so be it.

Id.

> Spill your guts to the Feds, even to questions they don't ask, or your kids will start dying. This ends now.

Id. at 3.

> The last words your child will hear are the same words that will be burned into his or her corpse: "Your parent decided a $100 kickback for fucking an innocent civilian was worth more than you."

Id. at 4.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting United States v. Dashney, 117 F.3d 1197, 1205 (10th Cir. 1997)). An indictment may not be challenged based on the strength or weakness of the government's case, but only on the whether the allegations, if taken as true, support an indictment. Id. A very narrow exception to the rule against probing the factual underpinnings of an indictment exists when undisputed facts establish that, "as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." Id. (quoting United States v. Hall, 20 F.3d 1084, 1088 (10th Cir. 1994)).

"Section 875(c), like all threat statutes, 'must be interpreted with the commands of the First Amendment clearly in mind.'" United States v. Wheeler, 776 F.3d 736, 742 (10th Cir. 2015) (quoting Watts v. United States, 394 U.S. 705, 707 (1969)). Thus, threat statutes apply only to threats outside the First Amendment's protection, or "true threats." Id. at 742-43. A true threat is a statement "where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Virginia v. Black, 538 U.S. 343, 359 (2003). When distinguishing between true threats and protected speech, courts ask "whether those who hear or read the threat reasonably consider that an actual threat has been made." Wheeler, 776 F.3d at 743 (quoting United States v. Viefhaus, 168 F.3d 392, 396 (10th Cir. 1999)). "The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats protects individuals from the fear of violence and the disruption that fear engenders." Black, 358 U.S. at 360-61; see also Viefhaus, 168 F.3d at 395-96. Whether a defendant's speech "is a true threat or mere political speech is a question for the jury." Wheeler, 776 F.3d at 742 (quoting Viefhaus, 168

3

F.3d at 397). A court may dismiss the charges against a defendant on First Amendment grounds only if there is no question that the defendant's speech is protected. Id.

Defendant argues that his communications are protected political speech under the First Amendment, and thus the indictment against him should be dismissed. Dkt. # 28, at 4. Plaintiff asserts that defendant's messages fall outside the protection of the First Amendment because they are speech integral to criminal conduct and/or true threats. Dkt. # 31, at 10. The fact that defendant sent the messages in response to an event that garnered national attention and is a part of a larger political debate concerning race and policing does not preclude the communications from being true threats. Defendant's messages are targeted at specific people, groups of people, and their family members. The communications repeatedly assert that the targets of the messages are going to die unless they comply with defendant's wishes. A jury could determine that "a reasonable person would interpret the statements to be threats." Wheeler, 776 F.3d at 744. Thus, it cannot be said as a matter of law that defendant's speech is protected, and defendant's motion to dismiss the indictment should be denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Indictment (Dkt. # 28) is **denied**.

**DATED** this 27th day of December, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4