# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-CR-0134-CVE |
| JEFFREY ALLEN STEVENS, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant's Motion for Release Pending Appeal (Dkt. # 63). On November 11, 2016, a grand jury returned an indictment charging defendant with ten counts of interstate communications with intent to injure in violation of 18 U.S.C. § 875(c). Dkt. # 16. Defendant moved to dismiss the indictment against him, alleging that, as applied, § 875(c) violated his First Amendment right to free speech. Dkt. # 28, at 1. The indictment charged defendant with sending ten threatening communications through the Tulsa Police Department's (TPD) Internal Affairs Investigations Division website in response to TPD Officer Betty Shelby shooting and killing Terrance Crutcher, a black man, in Tulsa, Oklahoma on September 16, 2016. Dkt. # 16, at 1. The communications were directed at Officer Shelby, the prosecutor and judge in the Shelby case, the chief of TPD, and all TPD officers. The messages threatened violence and death if TPD did not reform. For example:

> The psychotic pile of shit who MURDERED the unarmed civilian who broke down is going to be executed, as are ALL psychotic shitbags you and other PDs hire across this Nation who murder unarmed civilians. They are all going to be killed.

Dkt. # 28-1, at 1.

> [U]nless the Prosecuter [sic] & the Judge deny bail, they too will be executed. . . . Do the right thing or die. There are no other choices.

Id.

> The Tulsa PD Chief is going to be killed. . . . He must be, and IS GOING TO BE killed.

Id. The communications also contained threats against the family members of TPD officers, judges, and prosecutors. For example:

> The last words your child will hear are the same words that will be burned into his or her corpse: "Your parent decided a $100 kickback for fucking an innocent civilian was worth more than you."

Id. at 4. The Court denied defendant's motion to dismiss the indictment, finding that it could not be said as a matter of law that defendant's speech was protected by the First Amendment. Dkt. # 32, at 4.

On January 6, 2017, defendant pleaded guilty to counts one, two, three, nine, and ten of the indictment pursuant to a plea agreement with the government. Dkt. # 38. Under the plea agreement, defendant reserved the right to appeal the Court's order denying his motion to dismiss the indictment. Id. at 3. On April 14, 2017, the Court sentenced defendant to twelve months imprisonment for each of the five counts with said terms to run concurrently, each with the other. Dkt. # 53. The Court ordered that defendant could remain on release subject to the conditions imposed on pretrial release and that defendant must report to the Bureau of Prisons no later than 2 p.m. on June 7, 2017. Defendant has filed an appeal with the Tenth Circuit arguing the same First Amendment issue raised in his motion to dismiss the indictment. Dkt. # 56; Dkt. # 63, at 2. Defendant now asks the Court to allow him to remain on release pending the outcome of his appeal. Dkt. # 63, at 6.

Defendant admits that he was convicted of a crime of violence as that term is defined in 18 U.S.C. § 3154(a)(4)(A) and that, therefore, he may not be released pending appeal unless it is found by clear and convincing evidence that (1) he is not likely to flee or pose a danger to any other person or the community, (2) the appeal is not for the purpose of delay, (3) the appeal raises a substantial question of law or fact likely to result in reversal, and (4) there are exceptional reasons why detention would not be appropriate. 18 U.S.C. §§ 3143(b), 3145(c); see also United States v. Hosier, 617 F. App'x 910, 912 (10th Cir. 2015).[1] Defendant's motion fails for two reasons. First, defendant's appeal does not raise a substantial question of law or fact likely to result in reversal, and second, defendant has failed to show there are exceptional reasons why detention would not be appropriate.

Defendant was convicted of issuing threats under § 875(c), which applies only to threats outside the First Amendment's protection, or "true threats." United States v. Wheeler, 776 F.3d 736, 742-43 (10th Cir. 2015). A true threat is a statement "where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." Virginia v. Black, 538 U.S. 343, 359 (2003). When distinguishing between true threats and protected speech, courts ask "whether those who hear or read the threat reasonably consider that an actual threat has been made." Wheeler, 776 F.3d at 743 (quoting United States v. Viefhaus, 168 F.3d 392, 396 (10th Cir. 1999)). "The speaker need not actually intend to carry out the threat. Rather, a prohibition on true threats protects individuals from the fear of violence and the disruption that fear engenders." Black, 358 U.S. at 360-61; see also Viefhaus, 168 F.3d at 395-96. Defendant argues that the messages he sent were protected political speech, not true threats. But

---

[1] This and all other unpublished opinions are not precedential, but they may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

although the catalyst for defendant's messages was a incident that garnered national attention as part of a larger political issue, defendant's messages were focused on violence and threats, not political discourse. Given that defendant targeted specific individuals and repeatedly stated that they would be violently murdered, a person who hears or reads defendant's messages would reasonably consider that an actual threat has been made. Thus, the Court does not find that defendant's appeal raises a substantial question of law or fact likely to result in reversal.

Defendant has also failed to show that there are exceptional reasons why detention would not be appropriate. District courts have broad discretion in determining whether circumstances are truly exceptional. See Hosier, 617 F. App'x at 913. The key question for courts is "whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released . . .) it would be unreasonable to incarcerate the defendant." Id. (quoting United States v. Garcia, 340 F.3d 1013, 1019 (9th Cir. 2003)) (omission in original). Defendant argues that the short length of his sentence and that he did not take any steps to act upon his threats constitute exceptional circumstances. Dkt. # 63, at 5. Defendant was convicted of sending threatening communications, which he admits is a crime of violence and requires him to satisfy the exceptional reasons requirement to be released pending appeal. That he did not commit an additional crime by attempting to carry out his violent threats is not an exceptional circumstance. And although a short sentence is a relevant consideration in determining whether exceptional circumstances exist, a one-year sentence, on its own, does not rise to the level of "truly unusual."

**IT IS THEREFORE ORDERED** that Defendant's Motion for Release Pending Appeal (Dkt. # 63) is **denied**.

**DATED** this 31st day of May, 2017.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE